UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WALTER J. WENTLAND & NICHOLAS
WENTLAND,

               Plaintiffs,

        -against-

NEW YORK STATE TROOPERS CONNOR
CORNINE, RAMIREZ, MATTHEW McKINNEY and
DEPUTIES ELLIOT BROOKS and RICHARD
WIEBOLDT of the ORANGE COUNTY SHERIFF'S
OFFICE,

               Defendants.
-------------------------------------------------------------------X

**ANSWER**

Defendants ELLIOT BROOKS AND RICHARD WIEBOLDT (the "County Defendants"), by and through their attorney Langdon C. Chapman, County Attorney for Orange County, herein submit their Answer to the Complaint of the Plaintiffs and state as follows:

1.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint.

2.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint as stated against the non-County co-defendants and refer all matters of law to this Court and deny the allegations stated against the County Defendants except admit that defendants Brooks and Wieboldt were employed as Orange County deputy sheriffs on July 22, 2018.

3.     Deny each and every allegation set forth in paragraph 3 of the Complaint and refer all matters of law to this Court.

4.     Deny as stated the allegations set forth in paragraph 4 of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint.

6.      Admit the allegations set forth in paragraph 6 of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Complaint.

9.      Deny as stated the allegations set forth in paragraph 9 of the Complaint except admit that the County Defendants responded to the accident scene on July 22, 2018.

10.     Deny each and every allegation set forth in paragraph 10 of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of the Complaint.

14.     Deny each and every allegation set forth in paragraph 14 of the Complaint as to defendant Wieboldt and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint as to what Cornine told Nicholas.

15.     Deny as stated the allegations set forth in paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint.

17.     Deny each and every allegation set forth in paragraph 17 of the Complaint.

18.     Deny each and every allegation set forth in paragraph 18 of the Complaint.

19.     Deny each and every allegation set forth in paragraph 19 of the Complaint.

20.     Deny each and every allegation set forth in paragraph 20 of the Complaint.

21.     Deny each and every allegation set forth in paragraph 21 of the Complaint and refer all matters of law to this Court.

22.     Deny each and every allegation set forth in paragraph 22 of the Complaint.

23.     Deny as stated the allegations set forth in paragraph 23 of the Complaint.

24.     Deny each and every allegation set forth in paragraph 24 of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 of the Complaint and refer all matters of law to this Court.

26.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of the Complaint regarding Walter Wentland's injuries and treatment and deny the remaining allegations set forth in paragraph 26.

27.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the Complaint as to what civilian witnesses said or did and deny the remaining allegations set forth in paragraph 27.

28.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint except deny that Walter Wentland was denied medical attention at the scene.

29.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 29 of the Complaint as to whether Walter Wentland lost

consciousness en route to Orange Regional Medical Center and deny the remaining allegations set forth in paragraph 29 of the Complaint and refer all matters of law to this Court.

30.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 of the Complaint as to the injuries Walter Wentland sustained and deny the remaining allegations set forth in paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 32 of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34 of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35 of the Complaint and refer this Court to the document referenced therein as the best evidence of the statements therein.

36.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 36 of the Complaint as to Walther Wentland's employment and refer all matters of law to this Court.

37.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37 of the Complaint as to Walter Wentland's inability to work and surgery and deny the remaining allegations set forth in paragraph 37 .

38.     Deny each and every allegation set forth in paragraph 38 of the Complaint.

39.     Deny each and every allegation set forth in paragraph 39 of the Complaint and refer all matters of law to this Court.

40.     Deny each and every allegation set forth in paragraph 40 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

41.     As to paragraph numbered 41, the County Defendants repeat and reallege each and every response to the allegations stated or contained in paragraphs numbered "1" through "40" inclusive, with the same force and effect as though more fully set forth at length herein.

42.     Deny each and every allegation set forth in paragraph 42 of the Complaint and refer all matters of law to this Court.

## AS TO THE SECOND CAUSE OF ACTION

43.     As to paragraph numbered 43, the County Defendants repeat and reallege each and every response to the allegations stated or contained in paragraphs numbered "1" through "42" inclusive, with the same force and effect as though more fully set forth at length herein.

44.     Deny each and every allegation set forth in paragraph 44 of the Complaint and refer all matters of law to this Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45.     Plaintiffs fail to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46.     The County Defendants are entitled to absolute and/or qualified immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47.     Upon information and belief, any injuries and/or damages which may have been sustained by the plaintiffs at the time and place set forth in the Complaint were caused, in whole or in part, by reason of the plaintiffs' own culpable conduct, contributory negligence and/or

assumption of risk and, by reason of the foregoing, the rights of the parties should be determined accordingly.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48.     Whatever force may have been used upon plaintiffs was justified and reasonable under the circumstances then existing.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49.     If the County Defendants are held liable and responsible, in whole or in part, for damages and injuries as alleged in the Complaint, it will be a result of the culpable conduct of others and the County Defendants demand that the ultimate rights of the parties hereto be apportioned through indemnification or contribution as determined by the Court or Jury.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50.     All of the alleged acts of the County Defendants were taken in good faith, without malice, wantonness, recklessness, callous or indifference.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51.     Plaintiffs assumed the risks of sustaining the injuries alleged in the Complaint due to their resistance of and refusal to follow the lawful orders of the County Defendants and/or other law enforcement officers named as defendants herein.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52.     The County Defendants deny any negligence or responsibility for the acts complained of, and if the Plaintiffs sustained any injuries or damages as alleged in the Complaint, at the time, place and in the amount as set forth in the Complaint, due to the facts, circumstances, conditions, negligence and for culpable conduct alleged therein, and if the County Defendants are found to have been partially responsible therefor, the County Defendants will be

6

entitled to an offset or reduction for reimbursement for past or future medical or dental care, loss of earnings and/or other economic loss, which Plaintiffs have or will receive, in whole or in part, from any collateral source.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53.    At all times alleged by plaintiff, the County Defendants acted within the scope of their discretionary authority and in good faith.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

54.    Any non-federal claims that may be asserted by plaintiffs through any supplemental jurisdiction of this Court are barred by plaintiffs' failure to comply with the requisite state notice provisions for such claims and are further barred by the applicable statute of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

55.    Plaintiffs have failed to mitigate their damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

56.    Upon information and belief, this action is barred by the applicable statute of limitations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

57.    The County Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

**WHEREFORE,** the County Defendants respectfully request that the Complaint be dismissed in its entirety, that they receive the costs and disbursements of this action, and that the Court grant such other and further relief as it deems just and proper.

Dated:  August 25, 2021

KELLIE E. LAGITCH
Senior Assistant County Attorney
Langdon C. Chapman
County Attorney for Orange County
Attorney for Defendants
255-275 Main Street
Goshen, New York 10924
(845) 291-3150


TO:

Michael Sussman, Esq. (via ECF)
Sussman & Associates
P.O. Box 1005
Goshen, NY 10924
845-294-3991

Asst. Atty. Gen. Steven Schulman (via ECF)
New York State Office of Attorney General
28 Liberty Street
New York, New York 10005
212-416-8654