**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WALTER J. WENTLAND & NICHOLAS
WENTLAND,

                            Plaintiffs,

                   - against -

NEW YORK STATE TROOPERS CONNOR
CORNINE, DANIEL RAMIREZ, MATTHEW
McKINNEY and DEPUTIES ELLIOT
BROOKS and RICHARD WIEBOLDT of the
ORANGE COUNTY SHERIFF'S OFFICE,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 21-CV-6195 (PMH)

**PROPOSED JOINT**
**JURY INSTRUCTIONS**

<u>**The parties preserve all objections made to those current and prior versions of the**</u>
<u>**proposed jury instructions submitted to the Court.**</u>

       Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Local Rules of this

Court, the parties submit their joint requests to the Court to give the following instructions to the

jury, in addition to such other generally applicable instructions that the Court may give.  Pursuant

to Federal Rule of Civil Procedure 51(a)(2)(A), the parties reserve their respective rights to file

supplemental jury instructions after the close of evidence.

       The redlines in the document reflect Plaintiff's proposed additions and deletions for those

portions in which the parties were unable to reach agreement.

## I. GENERAL INTRODUCTORY INSTRUCTIONS

1.      **Introduction**

       Members of the jury, now that you have been sworn in as our jury, we are about to begin

the trial of the case you heard about during the jury selection.  Before the trial begins, I am going

to give you instructions that will help you understand your duties as jurors and how you should conduct yourself during trial.

During the trial you will hear me use a few terms that you may not have heard before.  Let me briefly explain some of the most common to you.  The party who brings a lawsuit is called the Plaintiff.  In this action, the Plaintiffs are Walter J. Wentland and Nicholas Wentland.  The party being sued is called the defendant.  The defendants in this trial are New York State Troopers Connor Cornine, Daniel Ramirez, Matthew McKinney, and Orange County Sheriff's Deputies Elliot Brooks and Richard Wieboldt.

Over the course of this trial, you will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."  When I say, "admitted into evidence" or "received into evidence," I have ruled that a particular exhibit may be considered by you in making decisions you must make at the end of the case.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time to time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible.  You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.  When I "sustain" an objection, I am excluding that evidence from this trial.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inference or conclusions from the question.

2

You should not infer or conclude from any ruling or other comment that I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

During the course of the trial I may ask a question of the witness.  If I do, that does not indicate that I have any opinion about the facts in the case.

The lawyers are not allowed to speak with you outside the courtroom during the case.  If you see the lawyers at a recess or pass them in the hallway and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers outside of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but I ask that you keep in mind the importance of the matter you are here to determine and ask that you will be patient even though the case may seem to go slowly.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions ("Fed. Jury Prac. & Instr."), § 101:01, 30, 31, 49 (6th ed.); 4 Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, Modern Federal Jury Instructions-Civil ("Modern Fed. Jury Instr.-Civil"); Model Civ. Jury Instr. 3rd Cir. 1.1-1.12 (2017) (adapted).

**2.      Order of Trial**

The first step in the trial will be the opening statements.  In Plaintiffs' opening statement, the attorney for Walter and Nicholas Wentland will tell you about the evidence that they intend to put before you, so that you will have a preview of what their case is going to be.  It is important that you remember that the opening statement is not evidence or argument.  Its purpose is only to help you understand what the evidence will be and what Walter and Nicholas Wentland will try to prove.

After Plaintiffs' opening statement, counsel for State Defendants and County Defendants will make their opening statements.  Similarly, it is important for you to keep in mind that these opening statement are not evidence.  At this point in the trial, neither side has offered any evidence.

After all parties have made their opening statements, Walter and Nicholas Wentland will call their first witness or otherwise offer evidence that they say will support their claims against the Defendants.  Defendants' counsel will have an opportunity to cross examine Plaintiffs' witnesses.  After Plaintiffs have had a chance to show you their evidence, Defendants may present evidence on their behalf.  Plaintiffs' counsel will then have an opportunity to cross examine Defendants' witnesses.

After you have heard all the evidence on both sides, counsel for Plaintiffs and counsel for Defendants will each be given time for their closing arguments.  Closing arguments are not evidence either.  In their closing arguments, the lawyers for Plaintiffs and Defendants will attempt to summarize their cases and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will then leave the courtroom together to make your decision.

<u>Authority</u>: Fed. Jury Prac. & Instr. § 101:02-03 (adapted).

### 3.      Province of Judge and Jury

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial.

As members of the jury, you are the sole and exclusive judges of the facts of the case.  You pass upon the evidence, determine the credibility of the witnesses, and resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight that each piece of evidence should receive.

I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.  I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  In particular, you will decide whether Walter and Nicholas Wentland have proven, by a preponderance of the evidence, that Defendants violated the law.  You must base that decision only on the evidence in the case and my instructions about the law.

Authority: Fed. Jury Prac. & Instr. § 101:10 (adapted); Modern Federal Jury Instr.-Civil § 71.01, Inst. 71-3 (adapted).

**4.     Jury Conduct**

To ensure fairness to the parties in this action, you must obey the following rules:  Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.  Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until after you have reached your verdict.  If someone should try to talk to you about the case before then, please report it to me immediately.

During the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

You may not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  Do not do any research, such as checking dictionaries or searching the Internet, or make any investigation about the case, the parties, the witnesses, or the attorneys on your own.

Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.  If you need to tell me something, simply give a signed note to the Courtroom Deputy to give to me.  To reiterate, during the course of the trial you will receive all the evidence you properly may consider to decide the case.  You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.

I expect you will inform me if you become aware of another juror's violation of these instructions.  The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

<u>Authority</u>: Fed. Jury Prac. & Instr. § 101:11-13 (adapted).

5.        **Evidence in this Case**

The evidence in the case consists of the following: the sworn testimony of the witnesses, no matter who called the witness; all exhibits received in evidence, regardless of who may have produced the exhibits; and all facts that may have been judicially noticed, admitted by the parties or stipulated to between the parties, and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that a certain fact is true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and any stipulations to which the parties have agreed. While you are not permitted to speculate, you may draw from the facts that you find have been proven such reasonable inferences or conclusions as you feel are justified in light of your common sense and experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

<u>Authority</u>: Fed. Jury Prac. & Instr. § 101:40 (adapted).

## II. INSTRUCTIONS AFTER TRIAL

### 6.      General Instructions

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions and apply them to the facts as you determine them.  On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from that which I present to you in my instructions, it is my instructions that you must follow.

In considering these instructions, you should not single out any particular instruction as stating the law.  Rather, you should consider my instructions in their entirety.

You should also not be concerned about the wisdom of any rule that I state to you. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base your verdict upon any view of the law other than that which I give to you.  My instructions will proceed in three parts.

First:  I will give you instructions about the general rules that define and govern the duties of a jury in a civil case;

Second:  I will instruct you as to the legal elements of the causes of action relevant to this case; and

Third:  I will give you some general rules regarding your deliberations.

Authority:  Modern Federal Jury Instr.-Civil § 71.01, Inst. 71-2 (adapted); Fed. Jury Prac. & Instr. § 103.01 (adapted).

### 7. Role of Jury

As members of the jury, you are the sole and exclusive judges of the facts of the case. You pass upon the evidence. You determine the credibility of the witnesses. You resolve any conflicts that exist in the testimony. You draw whatever inferences you decide are reasonable to draw from the evidence that has been presented to you. And you determine the weight that each piece of evidence should receive.

In determining these issues, no one may invade your functions as jurors. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions does not control how you should construe evidence. Nor should anything that I have said during the course of the trial—or any ruling that I have made—be taken by you as any indication of my opinion as to the facts of the case or what your verdict should be. If you felt that my actions conveyed an opinion about the case, you are not obliged to follow it.

You must perform your duties as jurors without bias or prejudice as to any party. You must follow the law as I give it to you, whether you agree with it or not. The law does not permit you to be governed by sympathy, prejudice, or public opinion. You are to treat all parties equally. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

Authority:  Modern Federal Jury Instr.-Civil § 71.01, Insts. 71-3 & 71-5 (adapted); Fed. Jury Prac. & Instr. §103.01; *Draper v. Denmo*, 113 F. Supp. 290, 293–94 (S.D.N.Y. 1953).

8. **All Persons Equal Before the Law**

This case should be considered and decided by you as an action between parties of equal standing in the community and of equal worth.  You are to evaluate the evidence calmly and objectively, without prejudice or sympathy.  You must be completely fair and impartial in your deliberations.  Your verdict must be based solely on the evidence developed at trial, or the lack of evidence.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence presented.

<u>Authority</u>:  Modern <u>Federal</u> Jury Instr.-Civil § 71.01, Inst. 71-9 (adapted); Fed. Jury Prac. & Instr. § 103.11 (adapted).

9.      **Role of Counsel**

You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, asked for a conference outside the hearing of the jury, or asked the Court to make a ruling of law.  It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar, out of the hearing of the jury.  All of those questions of law must be decided by me.

<u>Authority</u>:  <u>Modern</u> Federal Jury Instr.-Civil § 71.01, Inst. 71-6 (adapted).

### 10.    Burden of Proof

This is a civil case.  As such, the Plaintiffs, Walter and Nicholas Wentland, have the burden of proving the material elements of their claims by a preponderance of the evidence.

What does a "preponderance of the evidence" mean?   To establish a fact by a preponderance of the evidence, means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or the number of documents presented at trial.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having the burden of proof.  That is because the party bearing the burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proven by a preponderance of the evidence.

There are five defendants in this case and each Plaintiff has asserted their own claims against each Defendant.  Therefore, with respect to each of their claims, each Plaintiff must satisfy his burden as to each Defendant.  If, for example, you find that one or both Plaintiffs has satisfied his burden as to one or more particular Defendants, but not as to others, , then you must find in favor of such Plaintiff only as against the Defendant or Defendants against whom he satisfied his burden, but you may not find in favor of him with respect to the Defendant or Defendants against

whom he has not satisfied his burden. Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial, not a civil trial.  Proof beyond a reasonable doubt does not apply in a civil case such as this one.  Accordingly, you should put that standard of proof out of your mind as you begin your deliberations.

<u>Authority</u>:  <u>Modern</u> Federal Jury Instr.-Civil § 73.01, Insts. 73-1 & 73-2 (adapted).

### 11.    Evidence to be Considered

As I mentioned, as members of the jury, you are the sole and exclusive judges of the facts of the case.  In deciding what the facts are, you will look to the evidence that has been presented at trial.  Evidence comes in several forms:

1.      Sworn testimony of witnesses, both on direct and cross examination;

2.      Exhibits that the Court received into evidence; and

3.      Stipulated facts that have been read into the record.

On the other hand, certain things are not considered evidence.  Let me list them for you.

1.      Argument or statements by the lawyers are not evidence.  What the parties' lawyers said to you in their opening statements and in their summations is intended to help you understand the evidence, but the lawyers' statements themselves are not evidence.  If your recollection of the facts differs from the lawyers' statements, it is your recollection—not the lawyers' statements—that controls.

2.      The questions put to the witnesses are not evidence.  It is the witnesses' answers to questions that are evidence, not the questions themselves.  If a lawyer asked a witness a question containing an assertion of fact, you may consider the assertion as evidence if the witness affirmatively agreed with the assertion of fact in response to the question.

3.      Objections to questions are not evidence.  As I mentioned, the attorneys for the parties have a duty to object when they believe that evidence should not be received by the Court.  You should not be influenced by a lawyer's objection or by the Court's ruling on it.  If the objection was sustained, you should ignore the question.  If the objection was overruled, you should treat the witness's answer to the question like you would any other answer.

4.      Anything the Court may have said, including these instructions, is not evidence.

5.      Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence.  Similarly, if certain evidence was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions that I gave you and consider the evidence only for that limited purpose and for no other purpose.

6.      Finally, anything that you may have seen or heard outside the courtroom is not evidence.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 74.01, Inst. 74-1 (adapted); Fed. Jury Prac. & Instr. §§ 103.30, 103.33, 103.34 (adapted).

### 12.    Direct and Circumstantial Evidence

There are different kinds of evidence: direct and circumstantial evidence.

Direct evidence is when a witness testifies about something that he knows by virtue of his own senses—something that he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit. Circumstantial evidence is evidence that tends to prove a disputed fact through the proof of other facts.  Here is a simple example of circumstantial evidence.  Assume that when you came into the courthouse today, the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then, a few minutes later, another person also entered the courtroom with a wet umbrella.  Now, you cannot look outside the courtroom, and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But based on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer, on the basis of reason and experience and common sense, from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no lesser value than direct evidence.  It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.  Instead, the law simply requires that your verdict be based on a preponderance of all of the evidence presented.

<u>Authority</u>:   Modern <u>Federal</u> Jury Instr.-Civil § 74.01, Inst. 74-2 (adapted); *United States v. MacPherson*, 424 F.3d 183, 190 (2d Cir. 2005).

**13.   Inferences**

Let me speak for a moment about inferences.

During the trial, you may have heard the attorneys use the term "inference," and in their arguments, they may have asked you to "infer," on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

To be clear, an inference is not a suspicion or a guess.  Rather, it is a reasoned, logical conclusion that a disputed fact exists on the basis of some other fact that has been shown to exist.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or a conclusion that you, the jury, are permitted to draw— but not required to draw—from the facts that have been established either by direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.  So, while you are considering the evidence presented to you, you are permitted to draw—from the facts which you find to have been proven—such reasonable inferences as would be justified in light of your experience.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 75.01, Inst. 75-1 (adapted).

### 14.   Witness Credibility

Over the course of the trial, you have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and the importance to assign to his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy, as if hiding something?  Often, it is not what a person says, but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case.

Always remember that you should use your common sense, your good judgment, and your own

life experience.

<u>Authority</u>:  <u>Modern</u> Federal Jury Instr.-Civil § 76.01, Inst. 76-1 (adapted).

### 15.    Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should bear that factor in mind when evaluating the credibility of the witness's testimony, and accept it with great care.

Authority:  Modern Federal Jury Instr.-Civil § 76.01, Inst. 76-2.

### 16.    Impeachment by Prior Inconsistent Statements

You may have heard evidence during the trial that, at some earlier point in time, the witness said or did something that counsel argues is inconsistent with the witness's trial testimony.

Except when offered against a party, evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.[1]   In such circumstances, evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

If a prior inconsistent statement of a party was offered against that party, then, in addition to considering it for the purposes of assessing the witness's credibility, you may also consider such statement as affirmative evidence in determining whether the fact or facts it was offered to prove have been proven.[2]

---

[1] Fed. R. Evid. 801(d)(2).

[2] Fed. R. Evid. 801(d)(2).

<u>Authority</u>:  Modern <u>Federal</u> Jury Instr.-Civil § 76.01, Inst. 76-5; *N.L.R.B. v. Quest-Shon Mark Brassiere Co.*, 185 F.2d 285, 289 (2d Cir. 1950).

**17.   Deposition Testimony (if applicable)**

Some of the testimony before you is in the form of depositions that have been received into evidence.  A deposition is simply a procedure where, prior to trial, the attorneys for one side may question a witness or an adversary party under oath before a court stenographer.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Authority:   Modern Federal Jury Instr.-Civil § 74.07, Inst. 74-14 (adapted); *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 635 F.2d 67, 73 (2d Cir. 1980).

**18.   All Persons Equal Before the Law.**

During this trial, you have heard testimony from law enforcement officers. The fact that a party or witness may be employed as a law enforcement officer does not mean that his or her testimony is deserving of any more or less consideration or greater or lesser weight than that of an ordinary party or witness. It is your decision, after reviewing all the evidence, whether to accept or reject all or parts of the testimony of the law enforcement witnesses as you would any other witness and to give to that testimony whatever weight, if any, you find it deserves.

### III. PRINCIPLES OF LAW

**19.    Introductory Remarks**

I will now discuss the second part of these instructions: the principles of law that you must apply to the facts as you determine them.

The claims of Walter and Nicholas Wentland are brought under the Civil Rights Act of 1871, which is also known as Section 1983 of Title 42 of the United States Code.  This is a federal civil rights law that provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

In this case, plaintiffs bring two causes of action under Section 1983 against each defendant.  First, plaintiffs allege that each defendant, while acting under color of state law, deprived them of a right protected by the Fourth Amendment to the United States Constitution— namely, their right to not be subjected to excessive force while being arrested.  More specifically, Walter and Nicholas Wentland separately allege that each of the Defendants violated his Fourth Amendment rights by using excessive force against him on July 22, 2018.  The Defendants deny using excessive force.

Second, Walter and Nicholas Wentland separately allege that each of the Defendants violated their Fourth Amendment rights by failing to intervene to prevent in other Defendants' excessive force allegedly used against them on July 22, 2018.  The Defendants deny that they failed to intervene in the use of excessive force.

Defendants Cornine, Ramirez and McKinney are represented by separate counsel from Defendants Brooks and Wieboldt.  Regardless, you should consider the evidence against each Defendant separately and ask with respect to each defendant whether each plaintiff has proven the elements of his claims against the Defendant you are considering.  Each Defendant is entitled to a

fair consideration of the credible evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against another Defendant.

I will now proceed to explain the elements of each of plaintiffs' claims.

Authority:   Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-65 (adapted); 42 U.S.C. § 1983; *Fabricio v. Miller*, 16-CV-08731 (S.D.N.Y. 2021 Halpern, J.); *Hudson v. McMillian*, 503 U.S. 1 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

**20.    Elements of a Section 1983 Claim**

To establish his claims under Section 1983, each plaintiff must establish, by a preponderance of the evidence, the following three elements:

<u>First</u>, that the acts complained of were committed by the defendants acting under color of state law;

<u>Second</u>, that in committing these actions, the defendants deprived the plaintiff of a right protected by the Constitution of the United States; and

<u>Third</u>, that the defendants' acts were the proximate cause of the injuries sustained by the plaintiff

I will explain each of these elements to you.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-68 (adapted); *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998).

**a.    First Element: "Under Color of State Law"**

As to the first element, a state employee who is acting in his or her official capacity is acting under color of state law.  Here, it is undisputed that, at the time of the July 22, 2018 incident, the individual defendants were employed by either the State of New York or Orange County and were acting in their official capacity as a either a State Trooper or a Sheriff's Deputy.  Therefore, I instruct you that the first element of Plaintiffs' Section 1983 claims has been met.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-70 (adapted); *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 88 (2d Cir. 2015).

**b.  Second Element:  Deprivation of Constitutional Right**

The second element that each plaintiff must prove is that one or more of the defendants deprived him of a federal constitutional right and that the act or omission that caused the deprivation was done intentionally or recklessly.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason.  A use of force is intentional if it is done knowingly. Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence. An act is reckless if done in conscious disregard of its known probable consequences.

Both Plaintiffs Walter Wentland and Nicholas Wentland claim that they were subjected to excessive force by each defendant, Connor Cornine, Daniel Ramirez, Matthew McKinney, Elliot Brooks and Richard Wieboldt. Both Plaintiffs Walter Wentland and Nicholas Wentland separately claim that each defendant, Connor Cornine, Daniel Ramirez, Matthew McKinney, Elliot Brooks and Richard Wieboldt, failed to intervene to prevent the use of excessive force by the others.  I will address these alleged constitutional violations separately.

**i.  Excessive Force**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement official may only employ the amount of force reasonably necessary under the circumstances to make the arrest.

The "reasonableness" of a particular use of force must be judged form the perspective of a reasonable officer on the scene, rather than with hindsight.  The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments – under circumstances that are tense, uncertain and rapidly evolving – about the amount of force that is

necessary in a particular situation. Which is to say, not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of the courtroom, constitutes excessive force. The question is whether the defendant police officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

In answering this question, you must determine the degree of force that a reasonable and prudent police officer would have applied in effectuating the arrest under the circumstances shown form the evidence received in this case. Factors to consider in determining whether a defendant used unreasonable force include the following: (1) the extent of the injury suffered; (2) the severity of the crime at issue; (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight; (4) the need for the application of force; (5) the relationship between the need and the amount of force used: (6) the threat reasonably perceived by the defendant; and (7) any efforts made to temper the severity of a forceful response.

An officer's use of excessive force does not give constitutional protection against injures that would have occurred absent excessive force.

You may also consider whether the amount of force used was violative of standard police practices and training. But this factor alone, even if present for sake of argument, is insufficient to prove excessive force for purposes of Section 1983. That is because you are being asked to determine whether one or more of the officers violated the excessive force component of the Fourth Amendment to the United States Constitution on July 22, 2018, under the totality of the circumstances, not whether he acted inconsistent with his training or departmental practices.

In the instant case, plaintiff Walter Wentland claims that he was subjected to excessive force by defendants Connor Cornine, Daniel Ramirez, Matthew McKinney, Elliot Brooks and

Richard Wieboldt. Plaintiff Nicholas Wentland also claims that he was subjected to excessive force by defendant Connor Cornine, Daniel Ramirez, Matthew McKinney, Elliot Brooks and Richard Wieboldt. You must consider each plaintiff's claim of excessive force against each defendant separately.

<u>Authority</u>: *Graham v. O'Connor*, 490 U.S. 386 (1989); Federal Jury Practice and Instructions (6th ed. 2013) § 165.23; *Griffin v. County of Suffolk*, 16 cv-05425 (DRH)(SIL) (E.D.N.Y.) (ECF No. 49); Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-74 (adapted)

### ii.   Failure to Intervene

Plaintiffs also each contend that other defendant officers were present when the plaintiffs were allegedly subjected to excessive force and the other officers did not intervene to attempt to stop the use of excessive force by the others.

All law enforcement officials have an affirmative duty to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. I instruct you that an officer who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer observes or has reason to know that a citizen has been subjected to excessive force. Before an officer can be held liable for a failure to intervene to prevent the harm from occurring you must find that there was a realistic opportunity to do so. That is, that the officer had sufficient time and capability to take reasonable measures in an attempt to prevent the use of excessive force by another officer.  No officer can be found liable for both excessive force and the failure to intervene in excessive force.

For each of the plaintiff to individually prevail on their respective failure to intervene claims they must each separately establish by a preponderance of the evidence each of the four following elements:

<u>First</u>: Plaintiff must establish that at least one of the defendants deprived him of his Federal Constitutional rights by using excessive force against him on July 22, 2018.  If you find that no excessive force was used against a particular Plaintiff, that Plaintiff may not recover for the failure to intervene.

<u>Second</u>:  Plaintiff must establish that the defendant under consideration observed or had reason to know that excessive force was being used against that Plaintiff;

<u>Third</u>: That such defendant had a "realistic opportunity to intervene," as I have just described that phrase: and

<u>Fourth</u>: That such defendant failed to take reasonable steps to prevent the use of excessive force.

<u>Authority</u>:  Federal Jury Practice and Instructions, Civil Companion Handbook, Volume 2 (2018-2019) §9.2; *Griffin v. County of Suffolk*, 16 cv-05425 (DRH)(SIL) (E.D.N.Y.) (ECF No. 49).

### c.        Third Element:  Proximate Cause

The third element that plaintiffs must prove in connection with their Section 1983 claim is that the defendants' acts were a proximate cause of the injuries he sustained.

An act is a proximate cause if it was a substantial factor in bringing about the injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.  If an injury was a reasonably foreseeable consequence, or a direct result, of one of the defendant's acts, the injury was proximately caused by such act.

A proximate cause need not be the nearest cause, either in time or space.  A proximate cause also need not be the sole cause of an injury.  Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.  Proximate cause exists as long as a defendant's conduct was a substantial factor in bringing about the plaintiff's injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-79 (adapted); *Aetna Ins. Co. v. Boon*, 95 U.S. 117, 130 (1877); *Tangreti v. Bachman*, 983 F.3d 609, 612 (2d Cir. 2020); *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 161–62 (S.D.N.Y. 2009).

### A.       Multiple Defendants

Although there are multiple defendants in this action, it does not follow from that fact alone that if one is liable the others are liable as well. Each defendant is entitled to a fair consideration of his own defense, and a defendant may not be prejudiced by the fact, if it should become a fact, that you find against another defendant. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant. Unless otherwise stated, all instructions given to you govern the case as to each defendant.

The same applies to the two individual plaintiffs. It does not follow, that if one plaintiff prevails on a claim, the other should prevail as well. Each plaintiff must be considered separately as to each claim.

<u>Authority:</u> *Griffin v. County of Suffolk*, 16 cv-05425 (DRH)(SIL) (E.D.N.Y.) (ECF No. 49); *Jackson v. City of Utica,* (11-CV-0496) (GTS)(ATB) (N.D.N.Y.) (ECF No. 28)

21. **Damages**

    a. **Introductory Remarks**

If you find that plaintiffs have proven either of their claims by a preponderance of evidence, then that plaintiff is entitled to recover money—also known as damages—from the liable defendants.

I will now give you instructions regarding computing the amount of damages in this case. You should not interpret the fact that I am giving you instructions on damages as an indication of what I believe the verdict should be. Rather, I am instructing you on damages so that you will have guidance in the event that you decide that any defendant is liable and that plaintiffs are entitled to recover money from one or more of the defendants.

In computing damages, you may not engage in speculation or guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision. A plaintiff must prove damages only with as much definiteness and accuracy as the circumstances permit.

There are three types of damages that you may consider: (1) compensatory damages; (2) nominal damages; and (3) punitive damages. I will discuss each in turn.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 77.01, Inst. 77-1 cmt. (adapted); Fed. Jury Prac. & Instr. § 165.70 (adapted); *Sir Speedy, Inc. v. L&P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992).

    b. **Compensatory Damages**

If you return a verdict in favor of either Walter Wentland or Nicholas Wentland, you must first award him such sum of money as you believe will fairly and justly compensate him for any injury that you believe he sustained as a result of defendants' violation of his rights. These are

known as "compensatory" damages.  Compensatory damages seek to make a plaintiff whole—that is, to compensate him for the damage suffered.

Compensatory damages are not limited to expenses that a plaintiff may have incurred because of his injury. If a plaintiff succeeds, he is entitled to, in addition to his expenses, and any lost wages, compensatory damages for the physical injury, pain and suffering, mental anguish, shock, and discomfort that were proximately caused by a defendant's conduct.

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress – past, present and future – that you determine to be reasonable compensation in the light of all the evidence in this case.   There is no requirement that evidence of the monetary value of such intangible things, such as injury, pain, or suffering, be introduced into evidence. There is no exact standard for figuring the compensation to be awarded for these types of damages, and no expert testimony need be introduced.  Any award that you make should be fair in light of the evidence presented at trial.

Compensatory damages must not be based on speculation and sympathy, however.  They must be based on the evidence presented at trial.  Therefore, to recover damages for physical or emotional injury, plaintiffs must present credible evidence with respect to his injuries.    The purpose of compensatory damages is to compensate a plaintiff rather than to punish a defendant.

Medical treatment is not a precondition to recovery.  Physical injury may be proved by the plaintiffs' own testimony, corroborated by reference to the circumstances of the defendants' alleged conduct.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

Finally, let me caution you against awarding a double recovery.  I have said to you that, if you return a verdict for either plaintiff, you must award him such sum of money as you believe will fairly and justly compensate him for any damage or injury you believe he sustained as a result of defendants' conduct.  In this case, plaintiffs bring multiple claims against multiple defendants. You must remember that, in calculating the damages, plaintiffs are entitled to be compensated only once for each of the injuries he actually suffered.  Thus, you must be careful in determining the proper measure of damages that you do not award double compensation for a single injury, even if multiple defendants were responsible for the violation.  In addition, if you find the defendants liable on more than one claim, and you find that more than one claim produced the same injury, you must be careful in determining the proper measure of damages that you do not award double compensation for the same injury.

Authority:  Modern Federal Jury Instr.-Civil §§ 77.01 & 87-03, Insts. 77-3, 87-79, 87-87 & 87-91 (adapted); Fed. Jury Prac. & Instr. §§ 165.50 & 165.73 (adapted); *Fabricio v. Miller*, 16-CV-08731 (S.D.N.Y. 2021 Halpern, J.); *Aetna Ins. Co. v. Boon*, 95 U.S. 117, 130 (1877); *Patrolman's Benevolent Ass'n of City of New York v. City of New York*, 310 F.3d 43, 55 (2d Cir. 2002); *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000); *Guzman v. Jay*, 303 F.R.D. 186, 197 (S.D.N.Y. 2014); *Frank Sloup & Crabs Unlimited, LLC v. Loeffler*, 745 F. Supp. 2d 115, 143 (E.D.N.Y. 2010); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 161–62 (S.D.N.Y. 2009).

### c. Nominal Damages

If you find, after considering all the evidence presented, that one or more defendants violated a plaintiff's rights, but that a plaintiff suffered no injury as a result of a violation, you may award that plaintiff "nominal damages."  "Nominal damages" are awarded as recognition that a plaintiff's rights have been violated.  You would award nominal damages if you conclude that the only injury that either plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to the same plaintiff; either a plaintiff was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages must be a token sum, not to exceed $1.

Authority:  Modern Federal Jury Instr.-Civil § 77.01, Inst. 77-6 (adapted); *Fabricio v. Miller*, 16-CV-08731 (S.D.N.Y. 2021 Halpern, J.); *Robinson v. Cattaraugus Cnty.*, 147 F.3d 153, 162 (2d Cir. 1998).

### d. Punitive Damages

If you award either plaintiff compensatory or nominal damages, you may also, in your discretion, make an award of punitive damages.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for the violation of constitutional rights, or some extreme or outrageous conduct, and to deter or prevent a defendant and others from committing such conduct in the future. You may award a plaintiff punitive damages if you find that the acts or omissions of an individual defendant were done either maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person.  An act or failure to act is wantonly done if it is done with a reckless disregard of, or callous disregard of, or indifference to the rights of the injured person.  Plaintiffs have the burden of proving, by a preponderance of the evidence, that an individual defendant or defendants acted maliciously or wantonly with regard to a particular plaintiff's rights.

If you find by a preponderance of the evidence that one or more defendants acted with malicious intent to violate the constitutional rights of either plaintiff or to unlawfully injure him, or if you find that one or more defendants acted with callous disregard of either plaintiff's rights, then you may award punitive damages against those defendants.  An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider, whether the defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should

also consider whether actual damages, standing alone, are likely to deter or prevent those defendants from similar wrongful conduct in the future (if the conduct was, in fact, wrongful), or whether punitive damages are necessary or appropriate to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that the defendants may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which the defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or persons like them from committing wrongful acts in the future.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-92 (adapted); Authority: *Section 1983 Litigation*, 2d Ed. [Instr. 18.07.1] Schwartz, Pratt (2012); *Fabricio v. Miller*, 16-CV-08731 (S.D.N.Y. 2021 Halpern, J.); *Tolbert v. Queens Coll.*, 242 F.3d 58, 77 (2d Cir. 2001); *Vasbinder v. Scott*, 976 F.2d 118, 121 (2d Cir. 1992); *Adejei v. Hoder*, 935 F. Supp. 2d 557, 571 (E.D.N.Y. 2013); *Pappas v. New Haven Police Dep't*, 278 F. Supp. 2d 296, 312–13 (D. Conn. 2003).

### e. **Mitigation of Damages**

If you find that either of the plaintiffs, Walter or Nicholas Wentland, were injured as a result of conduct by defendants in violation of Section 1983, you must determine whether either plaintiff, Walter or Nicholas, could have done something to lessen the harm suffered. Defendants have the burden to prove by a preponderance of the evidence that either or both plaintiffs could have lessened or reduced the harm suffered and that either or both plaintiffs unreasonably failed to do so.

If Defendants establish by a preponderance of the evidence that either plaintiff could have reduced the harm he suffered but unreasonably failed to do so, then such plaintiff is only entitled to damages sufficient to compensate him for the injury that he would have suffered had he taken appropriate action to reduce the harm.

**<u>Authority</u>**

Federal Jury Practice and Instructions (6th ed. 2013) §165.72.

### III.  JURY DELIBERATIONS

Before I allow you to retire to the jury room to deliberate, I would like to offer you some closing remarks.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for any party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

When you get into the jury room, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court. Remember, the foreperson's vote is entitled to no greater weight than that of any other juror.

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.

It is important that you not communicate with anyone outside the jury room about your deliberations or about anything relating to this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, dated and signed by your foreperson.  No member of the jury should ever

attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court.  If you send any notes to the Court, do not disclose anything about your deliberations.  In particular, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If during the deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so please be as specific as you possibly can in requesting exhibits or portions of the testimony.  Your requests for exhibits or testimony should be made to me in writing, signed by your foreperson, and given to the marshal.

I have prepared a verdict sheet, which will be given to you.  The verdict sheet is given to you to record your verdict after you have reached a verdict in this case.  After you have reached a verdict, the foreperson will fill in the verdict sheet, sign and date it, and advise the marshal outside the door to the jury room that you are ready to return to the courtroom.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

This concludes my instructions.  Thank you for your close and careful attention.  Members of the jury, you will now retire to deliberate.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 78.01, Insts. 78-1, 78-3, 78-5, 78-6 (adapted); Fed. Jury Prac. & Instr. § 106:07.

Dated:  May 22, 2023

Respectfully submitted,


_____/s/_____

Jonathan Goldman
Michael Sussman
Sussman and Associates
1 Railroad Avenue, Suite 3
P.O. Box 1005
Goshen, NY 10924
845-294-3991
Email:  jgoldman@sussman.law
        sussman1@frontiernet.net
*Attorneys for Plaintiff*

LETITIA JAMES
Attorney General of the State of New York
By:
_____/s/_____

Ian Ramage
Andrew Blancato
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel.:  212-416-8659/6359
Email:  Ian.Ramage@ag.ny.gov
        Andrew.Blancato@ag.ny.gov
*Attorneys for Trooper Defendants*


_____/s/_____

Kellie E. Lagitch, Esq.
Carol C. Pierce, Esq.
Office of the Orange County Attorney
255-275 Main. St
Goshen, NY 10924
(845) 291-3150
Email: klagitch@orangecountygov.com
*Attorneys for Deputy Defendants*


* Electronic signature used with permission pursuant to SDNY ECF Rule 8.5(b).